FILED
Date: 3/19/24
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:24-cr-33-TPB-PRL
     18 U.S.C. § 1343

NICOLE HARDING

**SEALED**

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A.   Introduction

At times material to this Indictment:

1. The Coronavirus Aid, Relief and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program called Paycheck Protection Program ("PPP").

2. To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (Small Business

Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses, to include payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

5. NICOLE HARDING was a resident of the Middle District of Florida. She created and maintained a bank account with Fairwinds Credit Union.

6. Fairwinds Credit Union was a financial institution that provided, among other services, bank accounts to its customers. Fairwinds Credit Union allowed for its customers to complete wire transfers to and from other financial institution. Wire transfers occur when the originating customer instructs its financial institution to electronically transfer funds to a beneficiary customer. Wire transfers allow money to be moved quickly and securely without the need to exchange cash. They allow two parties to transfer funds even if they are in different geographic locations. A wire transfer facilitates money transfers electronically across a network of banks or transfer agencies around the world. An Automated Clearinghouse Services ("ACH") transaction is a wire transfer from one bank to another bank. All ACH transfers passed through the Federal Reserve Bank. The state of Florida did not have a Federal Reserve bank. Fairwinds Credit Union had branches in the Middle District of Florida and elsewhere in Florida.

### B. The Scheme and Artifice

7. Beginning on or about March 28, 2021, and continuing through on or about April 14, 2021, in the Middle District of Florida and elsewhere, the defendant,

**NICOLE HARDING,**

knowingly devised and intended to devise a scheme and artifice to defraud the SBA, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

8. The manner and means by which the defendant sought to accomplish the scheme and artifice include, among others, the following:

   a. It was part of the scheme that the defendant electronically submitted a Small Business Loan application for a PPP loan.

   b. It was further part of the scheme that the defendant made false representations on the loan applications.

   c. It was further part of the scheme that the defendant received proceeds from the loan and grant through electronic wire transfers that affected interstate commerce.

### D. Execution of the Scheme and Artifice

9. On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendant,

**NICOLE HARDING,**

for the purpose of executing the aforementioned scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| ONE | April 14, 2021 | Electronic ACH deposit in the amount of $19,965 from Harvest Small Business Finance to the defendant's Fairwinds Credit Union account ending in 0814. |

In violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $19,965, which represents the proceeds obtained from the offense charged in Count One.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Hannah J. Nowalk
Assistant United States Attorney

By: *[signature]*
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
March 24

No. 5:24-cr-

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

NICOLE HARDING

INDICTMENT

Violations:   18 U.S.C. § 1343

A true bill,

_____
Foreperson

Filed in open court this 19th day

of March 2024.

_____M. Taylor_____
Clerk

Bail $_____

GPO 863 525